UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NOE LOSOYA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:16-cv-098 |
| | § | |
| LORIE DAVIS, | § | |
| Respondent. | § | |

# MAGISTRATE JUDGE'S
# REPORT AND RECOMMENDATION

This Court is in receipt of Noe Losoya's "Petition for a Writ of Habeas Corpus by a Person in State Custody" (hereinafter, Losoya's "§ 2254 Petition"). Dkt. No. 3. It is recommended that the Court deny Losoya's § 2254 Petition with prejudice.

## I. Jurisdiction

Losoya was convicted in Cameron County, Texas.[1] Jurisdiction is, therefore, proper in this Court pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper in the district where the petitioner is confined or where his state conviction was obtained. *See* 28 U.S.C. §§ 2241, 2254; *see also Wadsworth v. Johnson*, 235 F.3d 959, 961-62 (5th Cir. 2000).

## II. Standard of Review

Pursuant to 28 U.S.C. § 2254(d), a federal court can only grant habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[1] to a

---

[1] Dkt. No. 15-1 at 4.
[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

defendant convicted in state court, if the state's adjudication of his constitutional claims was: (1) contrary to, or involved an unreasonable application of clearly established federal law, as established by the Supreme Court; or (2) based on an unreasonable determination of the facts in light of the record before the state court. *Harrington v. Richter*, 562 U.S. 86, 97-98 (2011). A state court's decision is contrary to clearly established federal law if that court applied a rule contradicting the governing law as set forth by the Supreme Court or reached a different result from those cases on "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). When a state court decision applies the correct Supreme Court rule to the facts of a particular case, a reviewing court must determine whether the state court's application of law was objectively unreasonable. *See id.* at 409-11.

A reviewing court cannot issue the writ simply because it finds that the relevant state-court decision applied clearly established federal law erroneously or incorrectly; rather, that application must be unreasonable as well. *Id.* at 411. Courts determine reasonableness by determining whether no "fairminded jurists could disagree" as to the application of the arguments and theories supporting the state court's decision to the applicable law. *See Harrington*, 562 U.S. at 102. The standard is "difficult to meet" because "it was meant to be." *Id.*

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is *no possibility fairminded jurists could disagree* that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," *not a* substitute for ordinary error correction through appeal.

*Id.* at 102-03. (emphasis added) (internal citations omitted).

Further, only the state court's "ultimate legal conclusion" is reviewed for unreasonableness. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*). AEDPA's standard of review applies "so long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent][,]" even if that state court fails to cite or is unaware of such precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002) (*per curiam*). Finally, a state court's factual findings are presumed correct unless a petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The presumption of correctness also applies to unarticulated findings necessary to the state court's conclusions of mixed law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001).

### III. Procedural History

On January 31, 2013, a jury found Noe Losoya guilty of one count of burglary of a habitation and one count of theft in Cameron County, Texas. Dkt. No. 16-13 at 68. Losoya presented three issues for appellate review: (1) whether the state vindictively filed a notice of enhancement because Losoya did not accept a plea offer; (2) whether the trial court vindictively sentenced Losoya in excess of the plea offer because Losoya did not accept a plea offer; and (3) whether the trial court erred by admitting state's exhibit #1. *See* Dkt. 16-7 at 2. Losoya's conviction was affirmed by the Texas Court of Appeals for the Thirteenth District on February 12, 2015. *See* Dkt. No. 16-11. Losoya's petition for discretionary review was denied by

the Texas Court of Criminal Appeals on April 27, 2016.[2] Dkt. No. 16-12. In his petition, Losoya brought the three claims raised in his direct appeal as well as a claim that his appellate counsel was ineffective for failing to argue on appeal that there was insufficient evidence to support a conviction. Dkt. No. 16-13 at 9-15.

**IV. Discussion**

Losoya raises four grounds for relief. Dkt. No. 3 at 6-7. Specifically, Losoya argues that : (1) the trial court violated Losoya's due process rights when it admitted state exhibit #1; (2) Losoya was subjected to cruel and unusual punishment through the state vindictively filing a notice of enhancement in retaliation of him rejecting a plea offer; (3) Losoya was subjected to cruel and unusual punishment when he was sentenced in excess of a rejected plea offer, as the state's vindictiveness infected the trial court's reasoning for a greater sentence; and (4) Losoya's appellate counsel, Philip Cowen, provided ineffective assistance on appeal when he failed to argue that there was insufficient evidence to support a conviction. *Id.* As claim 2 and 3 are related, these claims are discussed together.

**a) State Exhibit #1**

In claim 1, Losoya alleges that the trial court erred when it admitted state exhibit #1 without properly authenticating the exhibit. Dkt. No. 3 at 6. Even assuming that Losoya is correct, the Court cannot overturn the state court's decision because state rules of evidence, especially those regarding the

---

[2] The state habeas trial court's findings and recommendation ordered Philip Cowen, Losoya's appellate counsel, to file an affidavit regarding the details of his representation of Losoya. *See* Dkt. No. 16-13 at 30-31. Before Cowen complied with the court's order, the Texas Court of Criminal Appeals denied Losoya's claims without written decision. Dkt. No. 16-12.

authentication and admission of evidence, are generally not subject to federal review. *See e.g.*, *Anderson v. Maggio*, 555 F.2d 447, 451 (5th Cir. 1977); *Woods v. Estelle*, 547 F.2d 269, 271 (5th Cir. 1977) ("The mere violation of evidentiary rules does not in itself invoke habeas review.").

Further, Losoya was provided an opportunity for full and fair litigation of his claim on direct appeal, which also generally forecloses federal habeas review. *See* Dkt. No. 16-11; *see e.g.*, *Stone v. Powell*, 428 U.S. 465, 494 (1976); *Hedden v. Wainwright*, 558 F.2d 784, 786 (5th Cir. 1977). Losoya's conclusory allegations fail to show why review is proper. For the reasons above, Losoya's claim 1 should be dismissed.

### b) Prosecutorial and Trial Court's Alleged Vindictiveness for Rejection of Plea Offer

In claim 2, Losoya argues that, as a result of his rejection of the state's plea offer, the state retaliated against him by filing a notice of enhancement. Dkt. No. 3 at 6. In claim 3, Losoya argues that the state's "vindictiveness infected the trial court's reasoning," which resulted in the court imposing a sentence greater than the one recommended in the state's plea offer. *Id.* at 7. Both actions, Losoya argues, violated his Eighth Amendment right against being subject to cruel or unusual punishment. *Id.* at 6-7. Respondent argues that these claims have not been exhausted, because Losoya has alleged this Eighth Amendment violation for the first time on collateral review. Dkt. No. 17 at 11. Respondent further argues that Losoya's claims lack merit because the United States Supreme Court has foreclosed them. *Id.*

The United States Supreme Court has previously held that, without more, enhanced charges or punishment following a rejection of a plea bargain do not violate the Constitution. *See Bordenkircher v. Hayes*, 434 U.S. 357, 363-65 (1978). In reaching its decision, the Supreme Court outlined the assumptions within the plea bargain process and its practical uses. *See id.* at 363-64. As stated:

> Plea bargaining flows from "the mutuality of advantage" to defendants and prosecutors, each with his own reasons for wanting to avoid trial. Defendants advised by competent counsel and protected by other procedural safeguards are presumptively capable of intelligent choice in response to prosecutorial persuasion, and unlikely to be driven to false self-condemnation. Indeed, acceptance of the basic legitimacy of plea bargaining necessarily implies rejection of any notion that a guilty plea is involuntary in a constitutional sense simply because it is the end result of the bargaining process. By hypothesis, the plea may have been induced by promises of a recommendation of a lenient sentence or a reduction of charges, and thus by fear of the possibility of a greater penalty upon conviction after a trial.
>
> While confronting a defendant with the risk of more severe punishment clearly may have a "discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable" -- and permissible -- "attribute of any legitimate system which tolerates and encourages the negotiation of pleas." It follows that, by tolerating and encouraging the negotiation of pleas, this Court has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo his right to plead not guilty.

*Id.* at 363-65 (internal citations omitted). Noting these principles, the Court held that within the "'give-and-take'" of plea bargaining, there is no element of punishment or retaliation as long as the defendant is free to accept or reject the prosecution's offer. *Id.* at 363. Further, the Fifth Circuit has rejected Losoya's similar claim that a judge necessarily acts vindictively, or that there is a Constitutional concern at all, in a defendant receiving a sentence greater than the

one proposed in the plea offer. *See Frank v. Blackburn*, 646 F.2d 873, 887 (5th Cir. 1980) ("In the case before us today, the defendant was offered a guaranteed twenty year sentence in exchange for a guilty plea. Not satisfied with the proposed bargain, he chose to take his chances and stand trial. The defendant now argues that he should be given the fruits of the abandoned bargain-in spite of his plea of 'not guilty.' The rules of the game do no permit such a result, however. Once the defendant elects to go to trial, all bets are off. Jimmy Frank gambled and lost; having refused the plea bargain, he cannot now expect to receive the benefits of that abandoned agreement after conviction."); *United States v. Resnick*, 483 F.2d 354, 358 (5th Cir. 1973) ("Of course plea bargains are an accepted mode of resolving criminal trials, and defendants who plead guilty are entitled to have the sentencing court know of them and to withdraw the guilty plea if the Judge declines to accept it. But it stretches our credulity to think that one who declines to plead guilty with a recommended sentence acceptable to the Court should nevertheless be given the benefits of a bargain available to, but rejected by, him.") (internal citations omitted).

In fact, in *Bordenkircher*, the defendant made similar claims to those made by Losoya. In *Bordenkircher*, the defendant claimed that the prosecutor's use of the habitual offender enhancement after rejecting a plea offer violated the Due Process Clause. *See generally Bordenkircher v. Hayes*, 434 U.S. 357, 358-61 (1978). Losoya's claims are also similar to those made by the defendants in *Blackburn* and *Resnick*. In those cases, the defendants alleged that the trial court penalized them for rejecting the sentencing recommendation contained in the offered plea agreements, and claimed they should have been sentenced pursuant to the plea

agreements.  *See Blackburn*, 646 F.2d at 875, 887; *Resnick*, 483 F.2d at 358.  Here, Losoya claims that his Eighth Amendment rights were violated after he rejected a plea offer when: (1) the prosecution acted vindictively by arguing for a sentencing enhancement following Losoya's rejection of the plea offer; and (2) the trial court improperly sentenced Losoya to a higher sentence than the one recommended in the plea offer.  Dkt. No. 3 at 6-7.  As the Supreme Court and the Fifth Circuit have denied claims similar to those made by Losoya, his claims should be dismissed as Losoya has failed to present any evidence of a constitutional violation.

### c) Ineffective Assistance of Counsel

In order to succeed on an ineffective assistance of counsel claim, a defendant must show both: 1) that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and 2) "the deficient performance prejudiced the defense," and shows "errors so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A defendant is also required to meet the two-prong *Strickland* test for claims regarding ineffective assistance of appellate counsel.  *See Smith v. Robins*, 528 U.S. 259, 287 (2000).  To show prejudice, a claimant must demonstrate a "reasonable probability" that "but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Harrington v. Richter*, 562 U.S. 86, 104 (2011).  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Id.*  Therefore, it is not enough for Losoya to simply allege that any error had some "conceivable effect on the outcome of the proceeding."  *Id.*

The United States Supreme Court acknowledges a "strong presumption" that an attorney's attention to some issues or the exclusion of others reflects trial tactics as opposed to "sheer neglect." *Richter*, 562 U.S. 86, at 109. Furthermore, counsel is entitled to formulate strategies and balance limited resources when dealing with issues, so they will not distract from the ones deemed more important. *Id.* at 107. An appellate counsel that files a merits brief does not, and should not, need to raise every non-frivolous claim, but rather has the discretion to select which claims maximize the likelihood of success on appeal. S*mith*, 528 U.S. at 288. Accordingly, the mere fact that Losoya's appellate counsel failed to raise certain claims on appeal does not constitute ineffective assistance or prejudice under *Strickland*. *See id.* at 278. Thus, Losoya must rebut the "strong" presumption that counsel's attention to certain issues or the exclusion of others reflects trial tactics rather than "sheer neglect." *Richter*, 562 U.S. at 110.

However, apart from his conclusory allegations, Losoya offers no evidence that suggests how Cowen's failure to argue that there was insufficient evidence for Losoya's conviction constitutes ineffective assistance of counsel. *See* Dkt. No. 3 at 7. Additionally, evidence presented at trial indicates that Cowen's decision did not prejudice Losoya. For example, while the witness could not identify Losoya in court, a witness testified that the day of the burglary he identified Losoya as one of the group whom entered his house with a knife, and that he was physically attacked and robbed of items of value. Dkt. No. 15-16 at 28-36. By failing to present factual support for these contentions, Losoya fails to demonstrate a "reasonable probability" that "but for counsel's unprofessional errors, the result of the proceeding would

have been different." *Richter*, 562 U.S. at 106; *see also Strickland*, 466 U.S. 668 at 694. Thus, his claim that Cowen rendered ineffective assistance of counsel should be dismissed.

## V. Recommendation

For the reasons above, it is recommended that the Court **DISMISS** Losoya's § 2254 Petition with prejudice.

## VI. Notice to Parties

A party's failure to file written objections within fourteen days after being served with a copy of the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions that the district court accepts, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 1st day of May, 2017.

_____
Ignacio Torteya, III
**United States Magistrate Judge**